United States District Court
Southern District of Texas
FILED

JUL 17 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRST RIO VALLEY MEDICAL, P.A. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-065 |
| | § | |
| TRAVELERS INDEMNITY COMPANY | § | |
| OF CONNECTICUT | § | |

**JOINT REPORT OF MEETING AND**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The following counsel held the Rule 26(f) meeting in person on July 9, 2002, in Houston, Texas: Keith Gilbert, Gilbert & Maxwell, counsel for plaintiff; Frank Weathered, Dunn & Weathered, P.C., counsel for defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   It is Defendant's belief that the only pending case that might conceivably be related to the case at bar is *Patients Advocates of Texas v. Texas Workers' Compensation Commission*, No. 03-01-215-CV, Austin Court of Appeals. None of the parties to the case at bar are parties to the *Patient Advocates* case. However, the *Patients Advocates* case involves the legal issue of the validity of certain of the audit rules promulgated by the Texas Workers' Compensation Commission. In this regard, the case at bar is based upon the plaintiff's contention that defendant engaged in illegal auditing activities under audit rules promulgated by the Texas Workers' Compensation Commission.

3. Specify the allegation of federal jurisdiction.

   Diversity jurisdiction because the matter in controversy exceeds $75,000 and the case is between citizens of different states.

4. Name the parties who disagree and the reasons.

    While plaintiff has not heretofore challenged jurisdiction, and the time for filing a motion to remand to state court has passed, plaintiff intends to file an amended complaint which might seek to question the citizenship of the defendant.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Plaintiff is reserving the right to add Lisa Henry as a party defendant.

6. List anticipated interventions.

   None.

7. Describe class-action issues.

   None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). It not, describe the arrangements that have been made to complete the disclosures.

   The parties have agreed to exchange Rule 26(a)(1) initial disclosures by August 19, 2002.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   C. When and to whom the defendant anticipates it may send interrogatories.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties are uncertain as to the extent of discovery they wish to conduct. The parties intend to send written interrogatories to each other, following which they may take a limited number of depositions upon receipt of responses to the written discovery. The parties believe that all discovery can be completed by March 31, 2003. Plaintiff presently believes it will designate experts on the issues of damages and attorney's fees, as well as rebuttal experts. Defendant presently believes it will designate experts on the issues of the scope and practice of auditing under the Texas Labor Code and the rules promulgated by the Texas Workers' Compensation Commission, as well as on the issue of healthcare provider billing practices, as well as an attorney on the issue of attorney's fees, as well as rebuttal experts. The parties will likely wish to depose each other's experts.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   None.

12. State the date the planned discovery can reasonably be completed.

   March 31, 2003.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   Less than 25%. In this regard, see answer to 14.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   Plaintiff reiterated a settlement offer that had previously been made over the telephone in a conversation between counsel for the parties. Defendant indicated that the settlement offer was unacceptable. Defendant also indicated its position that Plaintiff ought to simply drop its suit. The parties also discussed other litigation in which they are adverse to each other.

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

      Counsel discussed but do not feel that alternative dispute resolution techniques are suitable since counsel are directly discussing settlement.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

      The parties do not agree to trial by a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

      No jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case.

      2-3 trial days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

      There are no pending motions, but the parties anticipate filing motions for leave to amend their respective pleadings.

20. List other motions pending.

      None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

      Counsel for Plaintiff believes that the court needs to be aware of a temporary injunction entered by the 201st District Court of Travis County, Texas, on July 5, 2002, in Cause No. GN200967, *Robert S. Howell, D.C. and First Rio Valley Medical, P.A., et al. v. Texas Workers' Compensation Commission, et al.*

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

      Keith T. Gilbert, SBN 07898600, GILBERT & MAXWELL, P.L.L.C., P.O. Box 1984, Houston, Texas 77251, 713-739-1984, Fax 713-739-1985.

      Frank Weathered, SBN 20998600, DUNN & WEATHERED, P.C., 611 S. Upper Broadway, Corpus Christi, Texas 78401, 361-883-1594, Fax 883-1599.

Respectfully submitted,

_____          _____
Frank Weathered                          Keith T. Gilbert
(SBN 20998600; Fed. ID 2441)             (SBN 07898600; Fed. ID 14411)
**DUNN & WEATHERED, P.C.**               GILBERT & MAXWELL, P.L.L.C.
611 S. Upper Broadway                    P.O. Box 1984
Corpus Christi, Texas 78401              Houston, Texas 77251
(361) 883-1594 [FAX 883-1599]            (713) 739-1984, FAX (713) 739-1985
**COUNSEL FOR DEFENDANT**                **COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all known counsel of record in the manner indicated on this date of July 15, 2002.

_____
Frank Weathered

**VIA FACSIMILE**
Mr. Keith T. Gilbert
Mr. William Maxwell
GILBERT & MAXWELL, P.L.L.C.
P.O. Box 1984
Houston, Texas 77251