IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FIRST RIO VALLEY MEDICAL, P.A. ] | |
| ] | |
| ] | |
| v.                               ] | CIVIL ACTION NO. B-02-065 |
| ] | |
| TRAVELERS INDEMNITY COMPANY ] | |
| OF CONNECTICUT                   ] | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

TO THE HONORABLE JUDGE:

NOW COMES First Rio Valley Medical, P.A., Plaintiff herein and would file its Motion to Compel Production, showing this court the following:

### I. INTRODUCTION

1.  On August 22, 2002, Plaintiff served Requests for Production on Defendant.

2.  Defendant served its responses and objections on or about September 23, 2002. Exhibit "A".

3.  Plaintiff asks that Defendant be compelled to produce the documents and tangible things requested by Plaintiff.

### II. ARGUMENT

**REQUEST FOR PRODUCTION 1 AND 2**

4.  These requests are relevant and are the core to Plaintiff's lawsuit. Additionally, these documents should have been served on Plaintiff during informal discovery/disclosures. This case has been on file since March 2002, it is disingenuous to believe that in seven months time Travelers has not found one "audit" letter to date. As

such, Plaintiff objects to the response as insufficient, as Defendant fails to state the diligent efforts made during the last months to locate any "audit" letters.[1]

**REQUEST FOR PRODUCTION 13**

5. The personnel file of Ms. Henry is needed by Plaintiff to determine the address of Henry and to discover if Travelers took reasonable steps to insure:

- That Lisa Henry was a licensed adjuster (apparently not, because Travelers fails to identify any insurance licensure in Plaintiff's Request for Production 7);
- Whether Travelers previously admonished this agent for improper acts;
- If termination of Ms. Henry was due to acts of omission or commission by Henry in this case; and
- Who her supervisor was (Travelers argues that Lisa Henry had authorization to submit "audit" letters, but fails to the person authorizing Henry's activity in its disclosures)

6. Plaintiff requests that this Court order Defendant to produce the requested documents and or tangible things noted above, as the relevancy is certain, and there exists no good cause for Defendant to resist producing same.

7. **CERTIFICATE OF CONFERENCE:** On September 24, 2002, I contacted counsel for Defendant regarding the merits of a motion to compel the production of the documents enumerated above. Counsel was to call me back by Thursday, September 26, 2002. There was no return of my phone call by counsel for Travelers at the time of this filing.

**PRAYER**

---

[1] What makes this particularly incredulous is that, according to the response and lack of production by Defendant, Travelers hasn't even "discovered" the original "audit" letter that was attached to Plaintiff's original petition.

**THEREFORE,** Plaintiff prays that this Court order Defendant to produce the documents requested in RFPs 1, 2 and 13 within 30 days of a signed order. Plaintiff further prays for any and all such relief that this Court deems Plaintiff entitled.

Respectfully submitted:
GILBERT & MAXWELL, P.L.L.C.

_____
**Keith T. Gilbert**
SBOT: 07898600
**William Maxwell**
SBOT: 24028775
Post Office Box 1984
Houston, Texas 77251
(713) 739-1984 Telephone
(713) 739-1985 Telecopier
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this **3RD** day of **October**, 2002, a true copy of the foregoing instrument was served in compliance with FRCP 5.

_____
GILBERT & MAXWELL

**DUNN & WEATHERED, P.C.**
ATTORNEYS AT LAW
611 S. UPPER BROADWAY
CORPUS CHRISTI, TX 78401

DAVID J. DUNN
FRANK WEATHERED*
*BOARD CERTIFIED
CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

(361) 883-1594
FAX (361) 883-1599

L. NELSON HALL†
LAWRENCE COFFEY
PATRICK R. KASPERITIS
†MEMBER OF THE COLLEGE OF
THE STATE BAR OF TEXAS

September 23, 2002

**VIA CMRRR 7002 1000 0005 4805 7621 & FACSIMILE**
Mr. Keith Gilbert                                      713-739-1985
GILBERT & MAXWELL, P.L.L.C.
P.O. Box 1984
Houston, Texas 77251

    RE:    C.A. No. B-02-065; *First Rio Valley Medical, P.A. v. Travelers Indemnity Company of Connecticut*;
            United States District Court, Southern District of Texas, Brownsville Division

Dear Mr. Gilbert:

    Accompanying please find Defendant's Objections & Responses to Plaintiff's First Requests for Admission and Defendant's Objections & Responses to Plaintiff's First Requests for Production.

Very truly yours,

David J. Dunn

DJD/mar
12.432
enclosures



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRST RIO VALLEY MEDICAL, P.A. | § § | |
| V. | § § | CIVIL ACTION NO. B-02-065 |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT | § § § | |

### DEFENDANT'S OBJECTIONS & RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

TO: First Rio Valley Medical, P.A., by its attorney of record, Mr. Keith T. Gilbert, GILBERT & MAXWELL, P.L.L.C., P.O. Box 1984, Houston, Texas 77251

Pursuant to the Federal Rules of Civil Procedure, Defendant, Travelers Indemnity Company of Connecticut, makes the following objections and responses to requests for production served upon it by Plaintiff, First Rio Valley Medical, P.A.

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY: _____
David J. Dunn, Attorney-in-Charge
State Bar No. 06243500; Fed ID 2438
Frank Weathered, Of Counsel
State Bar No. 20998600; Fed ID 2441
**COUNSEL FOR DEFENDANT, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

-1-

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on counsel of record in the manner indicated on this date of September 23, 2002.

David J. Dunn

**VIA CMRRR 7002 1000 0005 4805 7621 & FACSIMILE**
Mr. Keith T. Gilbert
GILBERT & MAXWELL, P.L.L.C.
P.O. Box 1984
Houston, Texas 77251

-2-

## OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

1. Copies of all "audit" letters sent by Defendant to patients of First Rio Valley Medical from January 1, 2000 through July 10, 2002.

**RESPONSE:** Defendant objects to this request on the grounds that, as worded, it improperly assumes disputed facts or facts not in evidence.

Subject to this objection, and without waiving same, Defendant is currently attempting to locate copies of all letters of the type made the basis of this lawsuit and will supplement this response to the extent Defendant locates said letters.

2. Copies of all "audit" letters returned to Defendant from patients of First Rio Valley Medical during the time period from January 1, 2000 through July 10, 2002.

**RESPONSE:** Defendant objects to this request on the grounds that, as worded, it improperly assumes disputed facts or facts not in evidence.

Subject to this objection, and without waiving same, Defendant is currently attempting to locate copies of all letters of the type made the basis of this lawsuit that were returned, and Defendant will supplement this response to the extent it locates any such returned letters.

3. Copies of all "audit" letters sent by Defendant to patients of all other health care providers in Texas from January 1, 2000 though July 10, 2002. (You may limit your response to those letters which are similar to the ones sent by Lisa Henry to Ms. Manuela Cagigal on November 28, 2001).

**RESPONSE:** Defendant objects to this request on the grounds that it is irrelevant, not calculated to lead to the discovery of admissible evidence, constitutes an impermissible invasion of privacy and, as worded, improperly assumes either disputed facts or facts not in evidence. It is also overly broad and would be unduly burdensome to respond to.

4. Copies of all letters sent by Defendant to patients regarding First Rio Valley Medical from January 1, 2000 through July 10, 2002.

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad and, as such, includes matters that are irrelevant and not calculated to

-3-

lead to the discovery of admissible evidence. See also objections and response to Request No. 1.

5. Copies of all audits of First Rio Valley Medical conducted by Travelers Investigative Services before November 2001.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad and, as such, includes matters that are irrelevant and not calculated to lead to the discovery of admissible evidence. Defendant further objects that the request is too vague to respond to.

6. Copies of all audits of First Rio Valley Medical conducted by Travelers Investigative Services after December 2001.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad and, as such, includes matters that are irrelevant and not calculated to lead to the discovery of admissible evidence. Defendant further objects that the request is too vague to respond to.

7. All licenses held by Lisa Henry.

**RESPONSE**: Defendant objects that this request is overly broad and, as such, includes matters that are irrelevant and not calculated to lead to the discovery of admissible evidence.

Subject this objection, because Ms. Henry no longer works for the Defendant, Defendant is without sufficient information – and lacks sufficient custody and control – to produce "all licenses" held by Lisa Henry. However, Defendant has knowledge that Ms. Henry's driver's license as of November 2000 was CT 036025716.

8. For each expert who is used for consultation and is not expected to be called as a witness but whose opinions or impressions have been reviewed by a testifying expert, produce all written reports of each expert and each expert's complete file concerning this case.

**RESPONSE**: Defendant objects to this request because, without having established the proper predicate under Rule 26(b)(4)(B), Plaintiff is improperly seeking documents belonging to non-testifying experts. Defendant objects to producing any such documentation unless Plaintiff can make the requisite showing under 26 (b)(4)(B). Defendant further objects

-4-

>   because Rule 26(b)(4)(B) does not recognize a request for production of documents as a proper vehicle for such discovery.
>
>   Subject to these objections, Defendant intends to make whatever disclosures are required by Rule 26(a)(2) and by order of the Court.

9. Produce a curriculum vitae for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

   **RESPONSE:** Defendant objects to this request because, without having established the proper predicate under Rule 26(b)(4)(B), Plaintiff is improperly seeking documents belonging to non-testifying experts. Defendant objects to producing any such documentation unless Plaintiff can make the requisite showing under 26 (b)(4)(B). Defendant further objects because Rule 26(b)(4)(B) does not recognize a request for production of documents as a proper vehicle for such discovery.

   Subject to these objections, Defendant intends to make whatever disclosures are required by Rule 26(a)(2) and by order of the Court.

10. Produce all reports composed by any expert who is used for consultation and is not expected to be called as a witness.

    **RESPONSE:** Defendant objects to this request because, without having established the proper predicate under Rule 26(b)(4)(B), Plaintiff is improperly seeking documents belonging to non-testifying experts. Defendant objects to producing any such documentation unless Plaintiff can make the requisite showing under 26 (b)(4)(B). Defendant further objects because Rule 26(b)(4)(B) does not recognize a request for production of documents as a proper vehicle for such discovery.

    Subject to these objections, Defendant intends to make whatever disclosures are required by Rule 26(a)(2) and by order of the Court.

11. Produce all documents which form the basis of Defendant's testifying experts.

    **RESPONSE:** Defendant objects to this request because it seeks documents in a manner not contemplated by either Rule 26(a)(2) or 26(b)(4)(A).

    Subject to these objections, Defendant intends to comply with Rules 26(a)(2) and 26(b)(4)(A) if Defendant identifies any testifying expert.

-5-

12. Produce all documents relied upon by Defendant's experts, whether consulting or testifying, in formulating his/her opinion or impressions in this lawsuit.

**RESPONSE**: To the extent this request concerns consulting experts, Defendant objects to this request because, without having established the proper predicate under Rule 26(b)(4)(B), Plaintiff is improperly seeking documents belonging to non-testifying experts. Defendant objects to producing any such documentation unless Plaintiff can make the request showing under 26 (b)(4)(B). Defendant further objects because Rule 26(b)(4)(B) does not recognize a request for production of documents as a proper vehicle for such discovery.

Subject to these objections, Defendant intends to make whatever disclosures are required by Rule 26(a)(2) and by order of the Court.

To the extent this request concerns testifying experts, Defendant objects to this request because it seeks documents in a manner not contemplated by either Rule 26(a)(2) or 26(b)(4)(A).

Subject to this objection, Defendant intends to comply with Rules 26(a)(2) and 26(b)(4)(A) if Defendant identifies any testifying expert.

13. Produce the personnel file of Lisa Henry.

**RESPONSE**: Defendant objects to this request on the grounds that it would be an improper invasion of the privacy rights of Lisa Henry for Defendant to produce her personnel file. In this regard, Defendant does not have Ms. Henry's authorization to do so. Defendant also objects that the request seeks matters that are irrelevant and not calculated to lead to the discovery of admissible evidence.

14. Produce the personnel file of Margaret (Margie) Williams.

**RESPONSE**: Defendant objects to this request on the grounds that it is irrelevant and not calculated to lead to discovery of admissible evidence. Defendant further objects on the grounds that it would be an impermissible invasion of the privacy rights of Margie Williams for the Defendant to produce her personnel file and, in this regard, Defendant does not have Ms. Williams's authorization to do so.

-6-